### NEIL LACEY v. THE STATE.

#### No. 5091. Decided June 26, 1918.

**Murder—Evidence—General Reputation.**

Upon trial of murder, where the testimony showed that the life of defendant was in danger from the acts and conduct of deceased prior to the homicide, etc., the defendant should have been permitted to show the general reputation of deceased as a quarrelsome, contentious and overbearing man.

Appeal from the District Court of Kaufman. Tried below before the Hon. Joel R. Bond.

Appeal from a conviction of murder; penalty, fourteen years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited Earles v. State, 52 Texas. Crim. Rep., 140.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder and allotted fourteen years in the penitentiary.

There were several bills of exception reserved during the trial. These bills recite that one of the issues joined during the trial was who began the difficulty, or was responsible for it, that resulted in the homicide. There is also evidence suggesting the issues of manslaughter and self-defense. The law of manslaughter and self-defense were submitted to the jury by the court. The bill further states that after these issues had been raised, and the defendant himself being upon the stand as a witness in his own behalf, and after having testified that deceased had attacked him with a gun, threatening to kill him, and coming towards him with a drawn gun, and that he, defendant, shot deceased to prevent deceased from killing him, and after testifying that he had known deceased for about two years at that time, and that for about two years he and deceased had lived in the same community, and for about eight months had lived in the same house, defendant's counsel then proposed to prove by defendant that he knew the general reputation of the deceased in the community in which he lived for being a quarrelsome, contentious and overbearing man. The court sustained the State's objection, and this testimony was not permitted to go to the jury. This witness would have testified, if permitted to have done so, that he knew the reputation of deceased at the time of the killing and that such reputation was bad in the respects mentioned. We are of opinion this evidence should have gone to the jury. The remaining bills recite the same issues as the previous bills, and recite that defendant proposed to show the general reputation of deceased in the respects mentioned by witnesses named in said bills. This was excluded. This was error for which the judgment must be reversed. The record shows that there

had been trouble between the parties prior to the homicide, and there is testimony from which the defendant could infer, as shown by the record, that his life was in danger from the acts and conduct of deceased prior to the homicide; and that the issue of manslaughter was suggested by the evidence and charged by the court, and self-defense was also in the case. Evidence of the reputation of deceased under such circumstances is admissible, and the court erred in not permitting this evidence to go to the jury. The judgment is reversed and the cause remanded.

*Reversed and remanded.*